FILED

JUN 16 2014

CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LEE DANTZLER,
        Petitioner

v.

Case no 2:13-CV-14764
Honorable Laurie Michelson
Magistrate: Mona K. Majzoub

CINDI CURTIN
        Respondent.                 /

# MOTION FOR STAY AND ABEYANCE/MOTION TO AMEND HABEAS PETITION

NOW COMES, Samuel Dantzler, Petitioner in the above entitled action and asks this Honorable Court to:

(A)    Stay proceedings and hold judgment in abeyance

(B)    Allow Petitioner sixty (60) days to return to state court to exhaust meritorious claims which are unexhausted, and to raise and exhaust new claims asserting that the errors alleged in claim one and claim three occurred due to ineffective assistance of of trial counsel. The new claims relate back to the timely filed claims in the original petition since they have the exact same supporting facts under different legal theories.

(C)    Allow Petitioner (upon his return from state court) to amend the petition and raise the new claims and the currently unexhausted claim raised in Petitioner's issue four, currently before this court.

In support Petitioner states as follows:

1).    I am Samuel Dantzler, Petitioner in the above entitled action.

2).    I was convicted in Detroit Recorders Court. I appealed my conviction, raising the following issues:

    I.    THE TRIAL COURT'S SUA SPONTE MODIFICATION TO A REQUESTED ADVERSE INFERENCE INSTRUCTION FOLLOWING DESTRUCTION OF MATERIAL EVIDENCE DENIED MR DANTZLER OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL BY A PROPERLY INSTRUCTED JURY, SIXTH AMENDMENT RIGHT OF CONFRONTATION, AND

FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO DEFEND AGAINST THE CHARGES

II. THE EVIDENCE WAS INSUFFICIENT TO PROVE MR. DANTZLER PARTICIPATED IN THE CRIME, AS A PRINCIPLE OR AIDER AND ABETTOR, AND THE RESULTING CONVICTION IS VIOLATIVE OF HIS DUE PROCESS GUARANTEES UNDER THE FOURTEENTH AMENDMENT AND CONST. 1963, art. 1, §17 AND MUST BE REVERSED

III. THE TRIAL COURT'S DENIAL OF NECESSARY FUNDS FOR AN INDEPENDENT EXPERT TO REVIEW THE DNA EVIDENCE DENIED MR DANTZLER DUE PROCESS GUARANTEES UNDER THE FOURTEENTH AMENDMENT AND CONST 1963, art. 1, §17, AND MUST BE REVERSED

On 6/19/12, The Michigan Court of Appeals affirmed in case 303252. I sought leave to appeal in the Michigan Supreme Court raising the same issues. Leave was denied on 12/26/12, in case 145738.

3). On 11/18/13, I filed the instant habeas petition with this Honorable Court. I have raised all three claims which I raised in the state court proceedings and I have also raised a fourth claim: Ineffective Assistance of Appellate Counsel. This fourth claim was not exhausted on appeal to the state courts.

## PROPOSED EXHAUSTION OF PETITIONER'S CLAIM 4

4). On 5/27/14, Respondent filed a response to the habeas petition and pointed out that Petitioner's claim four was unexhausted, and not reviewable by this Court

5). The United States Supreme Court has prescribed a remedy allowing habeas petitioner's to avoid inadvertent forfeiture of unexhausted claims. In *Rhines v Weber* 125 SCt 1528 (2005), the Court held that a District Court may stay and abey proceedings in a timely filed habeas petition and let the petitioner return to the state court to exhaust the unexhausted claims. Stays should be liberally granted in the interest of justice.

## EXHAUSTION OF NEW CLAIMS/AMENDMENT OF PETITION

6). Petitioner was convicted based solely on his DNA being found in a hat that was found at the crime scene. The DNA profiles of at least two other people were found in the hat, according to the prosecutions expert, but they were incomplete profiles, not suitable for identifying anyone. (TT, 12-20-10, pp. 48, 50). Trial counsel requested funds to hire his own expert, to

test other areas of the hat, to see if a complete profile could be found for the donors with incomplete profiles, and his request was granted. (See Habeas Petition, Exhibit 4). Counsel talked to an expert, but the judge said her price was exorbitant, and counsel never tried to hire anyone else. (TT, 12-14-10, pp. 7-8).

7). Petitioner urged appellate counsel to argue ineffective assistance of counsel as causing denial of the right to an expert. His failure to do so was ineffective assistance, which serves as good cause for failure to exhaust.

8). Appellate counsel argued that the trial court abused its discretion causing denial of a DNA expert, when it refused to pay the expert two thousand five hundred dollars ($2500.00) per day, plus a one thousand five hundred dollar ($1500.00) retainer; plus two hundred and fifty dollars ($250.00) per hour for testimony; Plus any additional expenditures for travel parking and any work done on the evidence testing.

9). Petitioner wishes to amend the petition and argue before this Court that trial counsel was ineffective for failure to timely seek expert assistance, and for failing to seek a more affordable expert when he learned that the first one cost too much.

10). Under *Mayle v Felix* 125 SCt 2562 (2005) and Fed. R Civ. Proc. 15(c)(2), with permission of the Court, a petitioner may amend his petition to raise new claims, where the new claims arise from the same core facts as the timely filed claims, and thereby, relate back to the timely filed habeas claims.

11). Petitioner's new issues relate back to the filing of issues one and three where they rely on the exact same set of facts: i.e., in issue one petitioner argued the he was denied the right to a properly instructed jury when the trial court modified the adverse inference instruction; Petitioner's new claim alleges that trial counsel was ineffective in failing to object to the modified instruction. This claim is also included in Petitioner's original petition at issue 4.

Petitioner's issue three claims that the trial court abused its discretion when it denied funds to hire an expert; Petitioner's new claim proposes to argue that trial counsel was ineffective when he waited until the first day of trial to object to the denial of funds, and where

he failed to take up the trial judges offer to pay for a cheaper expert.

12). Allowing exhaustion, and presentation of these claims, in an amended petition, would not cause unnecessary delay, where a stay is already appropriate to allow exhaustion of Petitioner's issue 4, and all claims would be pursued simultaneously.

13). There would be no prejudice to respondent since Petitioner has already advanced these very same congeries of fact under different legal theories.

Under these circumstances, *Rhines* supra empowers this Court to stay the proceedings, and *Mayle* Supra permits the requested amendments.

WHEREFORE, Petitioner requests that this Honorable Court STAY the proceedings so that Petitioner's issue 4 may be exhausted in the state courts and GRANT permission to amend the petition so that Petitioner's new claims may be added and exhausted along with issue 4.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, belief and understanding.

Samuel Dantzler 518107
1500 Caberfae Highway
Manistee MI 49660

Dated: June 11, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LEE DANTZLER,
        Petitioner

v.

Case no 2:13-CV-14764
Honorable Laurie Michelson
Magistrate: Mona K. Majzoub

CINDI CURTIN
        Respondent.    /

BRIEF IN SUPPORT OF
MOTION FOR STAY AND ABEYANCE/MOTION TO AMEND
HABEAS PETITION

PETITIONER IS ENTITLED TO A STAY SO THAT HE CAN EXHAUST ISSUE FOUR

On 11/18/13, Petitioner filed a habeas petition with this Court raising 4 claims. Claims 1-3 are exhausted, claim 4 is not. The petition is, therefore, a mixed petition. "...federal district courts may not adjucate mixed petitions..." *Rhines v Weber* 125 SCt 1528, 1533 (2005).

Before inception of the AEDPA the Supreme Court required dismissal of mixed petitions *Id*. After the AEDPA, as a result of the interplay between the dismissal requirement and the one year habeas limitation period, petitioners with mixed petitions risked "forever losing" a chance at review, if the petition was dismissed after the one year limit had expired. *Id*. 1532. To prevent inadvertent issue forfeiture, the *Rhines* Court fashioned a stay and abeyance remedy, observing that the district court should grant a stay when:

1) "[T]he petitioner had good cause for failure to exhaust"

2) "[H]is unexhausted claims are potentially meritorious, and"

3) "[T]here is no indication that petitioner is engaged in intentionally dilatory litigation tactics". *id* 1535

### 1) PETITIONER DANTZLER HAS GOOD CAUSE FOR FAILURE TO EXHAUST ISSUE 4

The predicate for Petitioner's unexhausted claim is ineffective assistance of appellate counsel . As respondent concedes, the reason for the failure to exhaust is "obvious". (See Brief for Respondent pg 67). The claim, largely, did not exist prior to the filing of Petitioner's state court appeal. And, to the extent that it did appellate counsel resisted the claim of his own ineffectiveness.

### 2) THE UNEXHAUSTED CLAIMS ARE POTENTIALLY MERITORIOUS

Petitioner's ineffective assistance of appellate counsel complaint arose from the fact that appellate counsel failed to file a timely brief and consequently lost the right to oral arguments; failed to timely transmit a copy of the prosecutors response brief to petitioner so that petitioner could draft a response, and; failed to argue ineffective assistance of trial counsel when trial counsel did not object to the trial court modifying the 'adverse inference' instruction. Petitioner's claim fulfills the *Rhines* 'potentially meritorious standard.

Ineffectiveness is made out when attorney performance falls below an objective standard of

reasonableness and prejudice results from this deficient performance. *Strickland v Washington*, 466 US 668 (1984).

## DEFICIENT PERFORMANCE:

OBJECTIVE STANDARD: MCR 7.212(A)(4) states that "any party failing to timely file and serve a brief required by this rule forfeits the right to oral argument." Id. The Michigan Appellate Assigned Counsel System (MAACS), standard 6 provides: counsel should request oral argument and preserve the right to oral argument by timely filing defendant's brief on appeal. Appellate counsel filed a late brief. He lost the right to oral argument. Under the two objective standards identified above his performance was deficient.

## PREJUDICE FROM FAILURE TO FILE A TIMELY BRIEF:

Foremost, petitioner lost his appellate right to oral argument. This is significant where appellate counsel argued that the trial judge abused his discretion when he denied funding for the expert chosen by petitioner's trial attorney. But, nowhere in his brief did he alert the Michigan Court of Appeals that the trial court waited until the first day of trial to deny the funds. At this point it was too late to do any testing or to find someone else at a lower price. This is a fact that could have been elucidated at oral arguments. There is no indication anywhere in the record that the Court was aware that the judge made his ruling when it was too late to do anything about it. Failure to brief this issue means that the only place it could have been brought to the attention of the court was at oral arguments. Had this been done, there is a reasonable probability that the Court of Appeals would have decided the abuse of discretion issue differently.

The same principles apply to appellate counsel's failure to timely transmit a copy of the prosecutors brief to petitioner so that he could draft a response. Petitioner never had a chance to tell the court --in full detail-- what happened during his trial.

Finally, appellate counsel was ineffective when he failed to argue that trial counsel erroneously, failed to object to the modified adverse inference instruction.

Under Michigan law Petitioner was entitled to an adverse inference instruction. Where neglect causes the loss of evidence the instruction should be given. "If the trial court finds a lack of

due diligence , the jury should be instructed that it may infer that the missing [evidence] would have been unfavorable to the prosecutions case." *People v Eccles,* 260 Mich App 379, 388 (2004). Had trial counsel objected to the modification he would have been entitled to the proper instruction. His failure is deficient performance where Michigan case law supports the instruction.

PREJUDICE FROM FAILURE TO OBJECT TO ERRONEOUS INSTRUCTION:

The prosecutor argued that the victim fought for his life and got his hands on the hat as he fought the attacker that was wearing it. (TT, 12/21/10, p 194). Under this theory, defense counsel argued that the clippings could render the hat irrelevant by showing a DNA profile other than Petitioner's under the victims nails, thus, proving that the victim took the hat from someone other than Petitioner. (TT, 12/21/10, 199-202). Had counsel insisted that the jury be allowed to make this inference there was a reasonable probability for an acquittal, because there was no other evidence. Trial counsel was ineffective and it should have been argued on appeal.

## AMENDMENT OF PETITIONER'S HABEAS ISSUE 3 WOULD NOT BE FUTILE

As alleged in the original habeas petition, during trial counsel requested funds to hire a DNA expert. The trial court granted funds to hire the expert. No expert was ever hired. (See Petitioner's issue 3). The trial court refused to pay the fees of the expert chosen by the petitioner's attorney. Yet, subject to fee modification he did not completely foreclose funding. (TT, 12/14/10, 7-8). Appellate counsel, against Petitioner's wishes, argued that the trial court abused its discretion when it refused to pay fees it deemed exorbitant.

Petitioner wishes to amend the petition to press a new legal theory which reflects that the denial of an expert witness was caused due to inffectiveness of trial counsel.

The judge did not preclude funds for an expert (TT, 12/20/10, p3). Yet, counsel did nothing to find a new expert or bargain down the price of his chosen expert. Furthermore, he waited until the first day of trial to complain about not having an expert. No testing had yet been done due to lack of funds. At this late date, even if the trial court had agreed to pay the experts fee, there was no time to test any of the evidence, or to generate DNA reports. Counsels failure to timely seek an expert and his out of time objection cost Petitioner his expert witness. Counsels performance was deficient.

## PREJUDICE FROM FAILURE TO OBTAIN A DNA EXPERT:

The only evidence against Petitioner was DNA evidence. The only issue in dispute was if Petitioner's DNA, found in a hat, sufficed to place him at the crime scene. (TT, 12/2/10, 185). The parts of the hat tested by the prosecutor had at least 2 DNA profiles. (TT, 12/20/10, pp. 37, 50, 52). Many of the profile donors were not identified by the prosecution expert. Due to failure to procure expert help, counsel was unable to combat the prosecutors case. He was reduced to asking the prosecutors experts how much did they get paid, ostensibly insinuating the he was ill equiped (as he was) to deal with the DNA evidence. (TT, 12/20/10, pp 91, 132).

His condition was due to his mistaken belief that the court unilaterally denied funding for an expert (TT, 12/14/10, 7). The court clarified that it did not deny funds, and that the fees only had to be modified downward. (TT 12/20/10, p 137). Counsels mistake amounted to ineffective

assistance. His belief that funding was denied was wrong and he never took the judge up on his offer to find a lower rate.

In parallel circumstances the United States Supreme Court held that an attorney's failure to procure an expert due to the mistaken belief that funding is not available constitutes deficient performance. *Hinton v Alabama,* 134 SCt. 1081, 1089 (2014). The prejudice suffered is obvious. The many unidentified DNA profiles may have exonerated Petitioner. Instead, counsel could only ask the prosecutors experts how much did it cost to hire someone like them.

RELATION BACK:

"New claims relate back to the date of the original petition if the new claims share a common core of operative facts with the petition." *Cowan v Stovall* 645 F3d 815, 819 (6 cir. 2011). This claim arises from the exact same predicate facts comprising petitioner's issue 3. Therefore, it relates back to the timely filing of the original petition.

GOOD CAUSE FOR NON-EXHAUSTION:

Appellate counsel never pressed the legal theories advanced by Petitioner, herein. Had he done so there is a reasonable possibility that the result of Petitioner's appeal would have differed. his failure is ineffective assistance of counsel, which constitutes cause for failure to exhaust.

According to the foregoing, Petitioner is entitled to a stay and permission to amend the petition.

## RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Honorable Court Grant a Stay of proceedings; hold judgment in abeyance, and; Grant permission to amend the petition with the claims described above.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, belief and understanding.

*[signature]*
Samuel Dantzler 518107
1500 Caberfae Highway
Manistee MI 49660

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LEE DANTZLER,
        Petitioner

v.

CINDI CURTIN
        Respondent.                              /

Case no 2:13-CV-14764
Honorable Laurien Michelson
Magistrate: Mona K. Majzoub

## PROOF OF SERVICE

I hereby declare that on June 11, 2014, I served the following documents upon the respondent at the address listed below:

1) Motion for stay and abeyance/motion to amend habeas petition

2) Brief in support of Motion for stay and abeyance/motion to amend habeas petition

Assistant Attorney General: Appellate Division
P.O. Box 30217
Lansing Michigan 48909

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, belief and understanding.

Samuel Dantzler 518107
1500 Caberfae Highway
Manistee MI 49660

Samuel Dantzler #518107
Oaks Correctional Facility
1500 Caberfae Hwy,
Manistee Mi 49660

Clerk of the Court
United States District court
231 W Lafayette Boulevard, fifth floor
Detroit Mi 48226

