UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL DANTZLER,

    Petitioner,                                   Case No. 13-14764
                                                      Hon. Laurie J. Michelson

v.

CINDI CURTIN,

    Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS [9]**

**I.    BACKGROUND**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Petitioner was convicted in the Wayne Circuit Court of first-degree murder pursuant to Mich. Compiled Laws §750.316. The habeas petition raises four claims: (1) the trial court erroneously instructed the jury regarding the destruction of evidence; (2) the prosecutor did not present sufficient evidence to sustain Petitioner's conviction; (3) the trial court denied Petitioner funds to hire a DNA expert; and (4) Petitioner was denied the effective assistance of appellate counsel.

Respondent filed an answer to the petition asserting that Petitioner failed to exhaust his state court remedies with respect to his fourth claim and his argument regarding the reliability of the DNA evidence discussed in his other claims. Respondent thus asserts that the petition should be dismissed without prejudice on lack of exhaustion grounds.

As a result, Petitioner has filed a motion to amend the petition to add new claims of ineffective assistance of trial counsel in relation to the DNA evidence and jury instructions; and,

a motion to stay his petition so that he can exhaust the new claims and the unexhausted claims in state court. He asserts that he will file a motion for relief from judgment in the trial court, raising the claims that Respondent asserts were not exhausted in the state courts.

## II.     ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See*

*Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available in circumstances where the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

The Government did not oppose or otherwise respond to the instant motion.[1] Nonetheless, the Court is satisfied that stay and abeyance is warranted in this case. Petitioner's claims are not plainly meritless, and it does not appear that he is intentionally engaging in dilatory litigation tactics. He states that despite Petitioner's requests, appellate counsel elected not to pursue the DNA and ineffective assistance of trial counsel issues; and, the grounds for ineffective assistance of appellate counsel were not readily apparent until Petitioner completed his state court appeals process.

Petitioner's appeal of right ended when the Michigan Supreme Court denied leave to appeal on December 26, 2012. Petitioner filed the instant petition on November 18, 2013. Because of obvious concerns regarding the one-year statute of limitation if the petition was dismissed without prejudice in order to allow Petitioner to exhaust his state court remedies, the Court will grant Petitioner a stay. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-

---

[1] In the response to the Petition, Respondent argued that, at least with respect to the DNA evidence issue, "Dantzler has not shown good cause for his failure to raise this issue in state court" and that "Dantzler's claims are meritless . . . ." (Dkt. 8, Answer in Opposition to Petition, at 45.) But Respondent's brief did not address the good cause arguments Dantzler now raises in his motion.

conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).    The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner timely pursuing his state court remedies in the state trial court, the Michigan Court of Appeals, and the Michigan Supreme Court, and then returning to federal court within thirty (30) days of completing exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). The Court will, however, withhold judgment on Petitioner's motion to amend until he has had the opportunity to exhaust his proposed additions in the state courts. *See, e.g. Fite v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 172468, at *17 (S.D. Ohio Dec. 6, 2013), adopted, 2013 U.S. Dist. LEXIS 181395 (S.D. Ohio Dec. 30, 2013).[2] Therefore, upon Petitioner's return from state court, he should file an amended, perfected petition consisting of the claims brought in the original petition and any proposed amendments he still wishes to assert after review by the state courts.

### III.    CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner must timely pursue his state court remedies by filing a motion for relief from judgment in the trial court within thirty (30) days of this order, and if he does not obtain relief, he must file appeals in the Michigan Court of Appeals and Michigan Supreme Court.

After Petitioner has exhausted his claims, Petitioner shall then file a motion to re-open this case and an amended petition within thirty (30) days after the conclusion of the state court

---

[2] Respondent has not asserted an AEDPA statute of limitations defense to Petitioner's proposed amendment. "[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 210 (2006).

post-conviction proceedings. *Petitioner shall file this motion using the caption and case number from this case*.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

**IT IS SO ORDERED.**

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  August 20, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 20, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson