STATE OF MICHIGAN
THIRD CIRCUIT COURT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN,
                                        Plaintiff,

                                                              Case No. 10-003521
                                                              Hon. Gregory D. Bill

v

SAMUEL LEE DANTZLER,
                                        Defendant.
_____/

### OPINION

For the following reasons enumerated herein, defendant's motion for relief from judgment and motion for evidentiary hearing are denied.

Following a jury trial, defendant, Samuel Lee Dantzler, was convicted of one count of first-degree felony murder, **MCL 750.316(1)(a)**. Defendant was sentenced to life imprisonment without the possibility of parole.

On June 19, 2012, the Michigan Court of Appeals affirmed defendant's conviction and sentence. On December 26, 2012, the Michigan Supreme Court denied defendant's application for leave to appeal the order of the Court of Appeals. Defendant now files a motion for relief from judgment pursuant to **MCR 6.500 et seq.** The Prosecution has not filed a response.

In order to advance an allegation in a Motion for Relief from Judgment that could have been made in a prior appeal or motion, a defendant must demonstrate "good cause" for failure to raise the grounds on appeal and actual prejudice resulting from the alleged irregularities that support the claim of relief, pursuant to **MCR 6.508(D)(3)(b).** The cause and prejudice standards are based on precedent from the United States Supreme Court.[1]

A court may not grant relief, if the defendant alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction of the sentence or in a prior motion for relief from judgment; unless defendant demonstrates good cause for the failure to previously raise the grounds and actual

---

[1] *Wainwright v Sykes*, 433 US 72; 97 S Ct 2497; 53 LEd 2d 594 (1977)

prejudice from the alleged irregularities that support the claim.[2]   The federal courts have recognized certain claims, which are sufficient for establishing good cause. Government interference, the inability to obtain a factual basis for the claim, and ineffective assistance of appellate counsel, are all sufficient, if adequately supported, to satisfy the good cause prong.

Specifically, defendant raises as grounds for relief 1) prosecutorial misconduct, 2) ineffective assistance of trial counsel; and 3) ineffective assistance of appellate counsel.

### *Prosecutorial Misconduct*

Defendant alleges that the prosecutor engaged in misconduct, where the prosecutor failed to notify the defendant that the ONLY evidence linking him to the crime could have been tainted or otherwise compromised by the Detroit Police Crime Lab."[3]   The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial.[4]   Generally it is the duty of the prosecutor to see that a defendant receives a fair trial.[5]   Likewise, it is the prosecutor's duty to use the best endeavor to convict persons guilty of a crime, and in the discharge of this duty "an active zeal is commendable."[6]

This Court reviews these issues on a case-by-case basis and must examine pertinent portions of the lower court record to evaluate the prosecutor's conduct and remarks in context.  Prosecutorial misconduct relates to a miscarriage of justice only if the statements are so egregious that even with a cautionary instruction, a defendant has been denied a fair trial.[7]   Defendant contends that the above stated action of the prosecutor denied him a fair trial.  In examining the entire record, the Court finds the prosecutor's conduct grounded on reasonable inference based on the evidence presented at trial, which is proper.[8]   Because defendant did not object at trial to the alleged misconduct, review is precluded absent a showing of plain error.[9]   Further, the Court Appeals ruled in its Opinion pursuant to defendant's direct appeal that the prosecution presented other strong evidence that defendant participated in the victim's murder.  Therefore, defendant's contention that the DNA evidence was the only evidence linking him to the murder is incorrect.  As such, this Court finds neither

---

[2] MCR 6.508(D)(3); *People v Brown*, 196, Mich App 153; 492 NW2d 770 (1992), *People v Watroba*, 193 Mich App 124; 483 NW2d 441 (1992)

[3] Defendant's, Motion for Relief from Judgment, Brief.

[4] *People v Daniel*, 207 Mich App 47; 523 NW2d 830 (1994); *People v Allen*, 201 Mich App 98; 505 NW2d 869 (1993)

[5] *People v Dane*, 59 Mich 550; 26 NW 781 (1986)

[6] *Id.*

[7] *People v Montevecchio*, 32 Mich App 163 (1971)

[8] *People v Vaughn*, 200 Mich App 39; 504 NW2d 2 (1993)

[9] *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999)

prosecutorial impropriety nor prejudicial effect and that defendant's claims of error in this regard are without merit.

## Ineffective Assistance of Trial Counsel

Defendant next claims that he was denied the effective assistance of counsel where counsel failed to 1) hire an independent DNA expert, 2) failed to object to the Court's adverse inference instruction, and 3) failed to investigate evidence.

The United States and Michigan Constitution's guarantee the right to effective assistance of counsel.[10] For a defendant to establish a claim that he was denied his state or federal constitutional right to the effective assistance of counsel, he must show that his attorney's representation fell below an objective standard of reasonableness and that this was so prejudicial to him that he was denied a fair trial.[11] As for deficient performance, a defendant must overcome the strong presumption that his counsel's action constituted sound trial strategy under the circumstances.[12] As for prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]

Because strategy is a tactical decision on the part of counsel, this Court will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. These standards require no special amplification in order to define counsel's duty to investigate. [14]

Ineffective assistance of counsel can take the form of a failure to call witnesses or present other evidence, only, if, the failure deprives the defendant of a substantial defense.[15] A defense is substantial, if it might have made a difference in the outcome of the trial.[16] Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy.[17] This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight.[18] In order to overcome the presumption of sound trial strategy, a defendant must show that his counsel's failure to

---

[10] US Const, Am VI; Const 1963, art 1, § 20

[11] *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994).

[12] *People v Mitchell*, 454 Mich 145, 156; 560 NW 2d 600 (1997).

[13] *Id.* at 167.

[14] *Strickland v Washington*, 466 US 668; 104 S. Ct. 2052; 80 L.Ed 2d 674 (1984).

[15] *People v Hoyt*, 185 Mich App 531 (1990); *People v Julian*, 171 Mich App 153, 158-159 (1988).

[16] *People v Kelly*, 186 Mich App 524 (1990).

[17] *Mitchell, supra* at 163.

[18] *People v Barnett*, 163 Mich App 331 (1987).

prepare for trial resulted in counsel's ignorance of, and hence failure to present valuable evidence that would have substantially benefited the defendant.[19]   The rule that a defendant is entitled to effective assistance of counsel does not mean the defendant is entitled to the effective assistance of counsel to the extent that he is assured of a successful defense and acquittal.[20]   Finally, in making the testimonial record necessary to support a claim of ineffective assistance of counsel, the testimony of trial counsel is essential.[21]   The absence of such testimony limits this Court's review to what is contained in the record.[22]

In this case, defendant has failed to overcome the heavy burden of proving that he received ineffective assistance of counsel.   The record does not demonstrate that defense counsel's performance was unreasonable and his trial strategy and determinations will not be substituted with the judgment of this Court.   This Court finds that defense counsel performed competently in his representation of defendant at his trial.   Therefore, defendant's claims are found to be without merit.

### Ineffective Assistance of Appellate Counsel

Defendant also cannot succeed on his related claim that appellate counsel was ineffective for not raising the issues claimed herein on direct appeal.   Ineffective assistance of appellate counsel must be measured according to the same doctrine as trial counsel.[23]   Moreover, it is well established that appellate counsel need not raise all possible claims of error on appeal.[24]   Defendant contends his appellate counsel was ineffective for failing to raise the above issues on direct appeal.   This contention is without merit because the appellate counsel's decision to winnow out weaker arguments and focus on those more likely to prevail is not evidence of ineffective assistance.[25]

This Court will not second-guess the strategies appellate counsel employed.   The record clearly reflects that the constitutional rights afforded to defendant under the United States and Michigan Constitutions have been protected.   Furthermore, defendant's argument fails because the defendant cannot show any possible prejudice from appellate counsel's decisions.[26]   Defendant was afforded a fair trial and full appeal.   Defendant's claim is without merit.

---

[19] *People v Caballero*, 184 Mich App 636 1990).
[20] *People v Bohn*, 49 Mich App 244 (1973).
[21] *Mitchell, supra* at 168
[22] *People v Darden*, 230 Mich App 597 (1998).
[23] *Strickland v Washington*, 466 US 668; 104 S. Ct. 2052; 80 L.Ed 2d 674 (1984)
[24] *Jones v Barnes*, 463 US 745; 103 S. Ct. 3308; 72 L.Ed. 2d 987 (1983)
[25] *People v Pratt*, 254 Mich. App. 425, 430; 656 N.W. 2d 866 (2002)
[26] *Id.* at 430

Defendant has not shown "good cause" under **MCR 6.508(D)(3)**, nor has he proven actual prejudice.    Therefore, for all the aforementioned reasons stated, defendant's motion for relief from judgment and motion for evidentiary hearing are hereby **DENIED**.


Dated: **3-4-15**                                CIRCUIT COURT JUDGE

STATE OF MICHIGAN
THIRD CIRCUIT COURT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff,

Case No. 10-003521
Hon. Gregory D. Bill

v

SAMUEL LEE DANTZLER.
Defendant.

_____/

## ORDER

AT A SESSION OF SAID COURT HELD IN THE FRANK
MURPHY HALL OF JUSTICE ON _03·04·15_

PRESENT: HONORABLE **HON. GREGORY D. BILL**
CIRCUIT COURT JUDGE

For the reasons stated in the foregoing Opinion, **IT IS HEREBY
ORDERED** that Defendant's motion for relief from judgment and motion for
evidentiary hearing are **DENIED**.

_Gregory O. Bill_
CIRCUIT COURT JUDGE