UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL DANTZLER,

    Petitioner,

v.

RANDEE REWERTS,[1]

    Respondent.

Case No. 13-14764
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S MOTION TO AMEND [22] AND MOTION TO STAY PROCEEDINGS [23]**

    Samuel Dantzler filed this action under 28 U.S.C. § 2254 to challenge his conviction of first-degree murder. The case was previously stayed so that Dantzler could return to state court and exhaust additional claims. Now Dantzler seeks another stay to exhaust yet another claim. (ECF No. 23.) He also asks to amend his petition. (ECF No. 22.) Because the claim he wishes to exhaust and add to his petition is without merit, both motions are denied.

    Rule 15 of the Federal Rules of Civil Procedure governs amendments to habeas petitions. *See* 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644 (2015). While Rule 15 instructs courts to "freely give leave [to amend] when justice so requires," leave may be denied when the proposed amendment would be futile. *See Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] The proper respondent in a habeas corpus case is the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). Therefore, the Court substitutes in the caption Warden Randee Rewerts, the current Warden at the Carson City Correctional Facility.

Similarly, futility is a basis to deny a motion to stay. Indeed, "[a] district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Dantzler seeks to amend his claim that he was denied a fair trial because the trial court denied him necessary funds to hire an independent DNA expert. (ECF No. 11, PageID.1520–1524.) He seeks to amend and return to state court to exhaust this claim because the Michigan Supreme Court recently overruled *People v. Tanner*, 671 N.W.2d 728 (Mich. 2003), *see People v. Kennedy*, 917 N.W.2d 355 (Mich. 2018), and Dantzler relied on *Tanner* in his petition. Post-*Kennedy*, argues Dantzler, *Ake v. Oklahoma*, 470 U.S. 68 (1985), should govern his claim. So Dantzler both wants to apply *Ake* to this habeas claim, as well as go back to the state courts to have this claim adjudicated now that *Tanner* has been overturned.

But *Ake* does not support his claim. *Ake* held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." 470 U.S. at 83. In *Kennedy* the Michigan Supreme Court applied the same due-process analysis to a state-court denial of the appointment of a DNA expert. 917 N.W.2d at 357–67.

But far from denying Dantzler access to a DNA expert, the trial court entered an order for the appointment of an independent DNA expert. (ECF No. 20-5, PageID.1974.) The trial court ordered the appointment of one expert until it was discovered that a conflict of interest precluded her appointment. (ECF No. 7-11, PageID.254.) The trial court then ordered the appointment of another expert (ECF No. 20-5, PageID.1975) until it was discovered that she sought fees that exceeded the court's fee schedule (ECF No. 7-11, PageID.255). This does not amount to the trial

court denying Dantzler access to an expert. Indeed, after stating its holding, the Supreme Court in *Ake* further stated "This is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Our concern is that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provision of counsel we leave to the State the decision on how to implement this right." 470 U.S. at 83. Dantzler has not, and likely cannot, argue that the trial court effectively denied him access to an independent DNA expert just because the trial court refused to appoint one who was too expensive. That his counsel, after this expert was denied, did not then seek another expert is another matter, and is a separate claim in Dantzler's petition.

Since *Ake* does not support Dantzler's claim, it follows that *Kennedy* does not either. All that case did was extend *Ake* from the psychological-expert context to the DNA-expert context. And because *Kennedy* does not support Dantzler's claim, it follows that Dantzler's prior reliance on *Tanner* does not require amendment.

Since *Ake* and *Kennedy* do not support Dantzler's claim that his due-process rights were violated when the trial court denied the appointment of one particular DNA expert, this proposed claim is futile. Accordingly, Dantzler's motion to amend his petition (ECF No. 22) and motion to stay his petition (ECF No. 23) are DENIED.

IT IS SO ORDERED.

                                                    s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Date: August 9, 2019

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 9, 2019.

                                                        s/William Barkholz
                                                       Case Manager to
                                                       Honorable Laurie J. Michelson