UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL DANTZLER,

    Petitioner,

v.

RANDEE REWERTS,[1]

    Respondent.

Case No. 13-14764
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [29] AND MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY [30] AND GRANTING PETITION FOR APPOINTMENT OF COUNSEL [31]**

---

Samuel Dantzler came before this Court seeking habeas corpus relief from his Michigan state court conviction for first-degree murder. The Court carefully considered each of Dantzler's 10 claims, but ultimately denied habeas corpus relief. (*See* ECF No. 27.) The Court did grant a certificate of appealability for Dantzler's fifth and eighth habeas claims relating to ineffective assistance of counsel for failure to secure independent DNA testing or a DNA expert to testify at trial. (ECF No. 27, PageID.2242–2243.) Dantzler now asks the Court to reconsider its denial of his fifth and eighth habeas claims. (ECF No. 29.) Separately, Dantzler also asks the Court to expand the certificate of appealability to include claims two and seven (ECF No. 30) and to appoint appellate counsel (ECF No. 31). For the reasons that follow, the Court will deny Dantzler's motion

---

[1] The proper respondent in a habeas case is the warden of the facility where the petitioner is incarcerated. See *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). Thus, the Court substitutes Warden Randee Rewerts, the current warden at the Carson City Correctional Facility, in the caption.

for reconsideration and motion to expand the certificate of appealability. The Court will grant Dantzler's petition for appointment of counsel.

I.

Dantzler was convicted of first-degree murder by a jury in Michigan state court.

During the trial, the key piece of evidence against Dantzler was a black knit cap found at the crime scene. Testing identified Dantzler's DNA on the hat, as well as additional DNA samples that could not be positively identified. (ECF No. 7-14, PageID.772–773, 775–778, 785.) Dantzler's trial counsel requested and was granted funds to hire an independent expert to analyze the DNA evidence, but he failed to actually obtain additional testing or an expert for trial. (ECF No. 7-18, PageID.1159.) There was some other limited evidence linking Dantzler to the crime, including testimony from the victim's mother, Janet Burt, that a gold car seen outside her home before the murder was Dantzler's car and speculation that Dantzler had a motive to commit the crime because the woman beaten by the victim was his niece. (ECF No. 7-13, PageID.598–599; ECF No. 7-15, PageID.969.) Additionally, the jury heard testimony from Dantzler himself as well as Dantzler's alibi witness. (ECF No. 7-15, PageID.977–980, 930–932.)

Dantzler appealed his conviction and later filed a motion for relief from judgment in state court. All were denied.

Dantzler filed a petition for writ of habeas corpus in this Court. (ECF No. 1.) The Court stayed the case so that Dantzler could return to state court to exhaust his ineffective assistance of counsel claims. (ECF No. 10.) After those claims were denied, Dantzler returned to this Court and filed a supplemental brief raising a total of 10 claims for relief. (ECF No. 11.) Ultimately, the Court denied Dantzler's habeas petition on the merits, but granted him a certificate of appealability on two claims. (ECF No. 27.) Dantzler now seeks reconsideration of the Court's denial of his

habeas petition. In the alternative, Dantzler requests that the Court expand the certificate of appealability to include two additional claims and appoint counsel for his appeal.

## II.

### A.

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

### B.

To try to demonstrate there was a palpable defect that affected the Court's opinion, Dantzler points to a portion of his trial transcript in which a forensic biologist for the Detroit Police Department testified that the hat could not be retested because it had been handled. (ECF No. 29, PageID.2256.) Dantzler suggests that this fact was overlooked by the Court and led to a palpable defect in the Court's analysis of his ineffective assistance of counsel claim. But whether the hat can ever be retested does not—and cannot—change the Court's conclusion.

The Court denied Dantzler's claim of ineffective assistance of counsel related to DNA testing of the hat for multiple reasons. First, the Court held that the state court's rejection of the claim, which held that the trial counsel's performance was not deficient, was not unreasonable under 28 U.S.C. § 2254(d), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Second, the Court found that even if counsel's performance were found to be deficient, Dantzler could not establish prejudice, as required under *Strickland v. Washington*, 466

3

U.S. 668, 694 (1984). The Court found that the benefits an independent DNA expert could have provided were too speculative to establish prejudice.

Dantzler argues here that he is forever prejudiced because the hat was tainted during the trial and it can never be retested for other DNA matches. But this unfortunate truth is not enough to meet the legal definition of prejudice: "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The fact that the hat may never be able to be retested does not change the speculative nature of Dantzler's prejudice claim and does not establish a reasonable probability of a different outcome. Thus, the Court's analysis of Dantzler's ineffective assistance of counsel claims remains unchanged.

Dantzler also argues that because the hat cannot be retested, any speculation should be in his favor. (ECF No. 29, PageID.2250.) But the law regarding due process says otherwise. When the state fails to preserve evidence "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," a defendant must show "(1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means." *Monzo v. Edwards*, 281 F.3d 568, 580 (6th Cir. 2002) (citing *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988)).

Dantzler has not made any allegation of bad faith on the part of the prosecution in failing to preserve the DNA evidence on the hat. And any such allegation would constitute a separate habeas claim not before this Court.

Thus, Dantzler cannot establish a palpable defect in the Court's opinion denying his habeas petition which would lead to a different outcome.

III.

Dantzler separately asks the Court to expand the certificate of appealability it granted to include two additional claims: his second habeas claim, that constitutionally insufficient evidence was presented at trial to prove his guilt beyond a reasonable doubt, and his seventh claim, that trial counsel was ineffective for failing to investigate and present evidence that Dantzler had sold his gold car before the murder. (ECF No. 30.)

In its opinion denying Dantzler habeas relief, the Court found that § 2254(d) applied to both Dantzler's second and seventh habeas claims.

For Dantzler's second claim, the Court found that the state court's rejection of the sufficiency of the evidence claim was not objectively unreasonable and thus was entitled to deference under AEDPA.

In light of the substantial deference required under § 2254(d), the Court finds that reasonable jurists would not debate the resolution of this claim and so a certificate of appealability on the second habeas claim is not warranted.

For Dantzler's seventh claim, regarding ineffective assistance of counsel related to the investigation of a car allegedly owned by Dantzler, the Court also applied § 2254(d) and held that it was reasonable for the state trial court to find that trial counsel's conduct related to investigation of the car was not ineffective.

Dantzler attempts to introduce new evidence relating to this claim by including a photograph of the car in question and declaring unequivocally that he did not own either a "gold" or "old" car at the time of the murder. But this motion is not the appropriate place to introduce new

evidence. Nor would new evidence be able to change the conclusion that the state court's analysis was reasonable based on the evidence it had before it.

For the reasons outlined in its prior opinion, the Court finds that reasonable jurists would not debate the resolution of the seventh claim and so a certificate of appealability is not warranted.

**IV.**

Dantzler has also petitioned the Court for appointment of counsel. (ECF No. 31.)

District courts have the discretion to appoint counsel for a habeas petitioner seeking relief under § 2254 "when the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2). When evaluating a request for appointment of counsel, courts should consider the petitioner's "financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). Other factors the court may consider include "the nature and complexity of the case" and "the indigent's ability to present the case." *Burns v. Brewer*, No. 2:18-CV-10937, 2019 WL 5653252, at *2 (E.D. Mich. Oct. 31, 2019) (quoting *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004)).

In the case of Dantzler, these factors weigh in favor of appointment of counsel. Dantzler is currently incarcerated with limited financial resources. And Dantzler has been unable to secure an attorney on his own. The Court has granted Dantzler a certificate of appealability on two issues in his habeas petition because the Court believes that reasonable jurists could disagree with the Court's conclusion and it is possible that Dantzler's case has merit. Dantzler also points out that the question on appeal will involve complicated and technical issues of DNA analysis, which would be particularly difficult for Dantzler to research and brief without legal representation.

## V.

For the reasons outlined above, Dantzler's motion for reconsideration (ECF No. 29) and motion to expand the certificate of appealability (ECF No. 30) are DENIED.

Dantzler's petition for appointment of counsel (ECF No. 31) is GRANTED. Pursuant to Dantzler's request, the Court hereby orders the appointment of the Federal Defender's Office to represent Dantzler in his appeal to the Sixth Circuit.

SO ORDERED.

Dated: January 13, 2020

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 13, 2020.

> s/Erica Karhoff
> Case Manager to
> Honorable Laurie J. Michelson